Bruce Thomas
6742 Camino Del Prado
Carlsbad, CA 92011 (Mailing Address Only)
Phone 760-496-4281
Plaintiff Pro Per

FILED
DEC 29 PM 1:57

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE THOMAS, individual Citizen,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, CALIFORNIA; BONNIE M. DUMANIS, individually and in her official capacity as District Attorney of San Diego County; DREW W. GARRISON, individually and in his official capacity as Deputy District Attorney of San Diego County; CALLAN E. SMITH, individually and in her official capacity as Deputy District Attorney of San Diego County,<br><br>Defendants. | Case No. '17CV2587 JLS AGS<br><br>COMPLAINT FOR:<br><br>(1) MALICIOUS ABUSE OF PROCESS (42 U.S.C. § 1983);<br><br>(2) DECEIT (42 U.S.C. § 1983; Cal. Civil Code § 1710 and Cal. Penal Code § 133);<br><br>(3) PROSECUTORIAL MISCONDUCT (18 U.S.C. § 242);<br><br>(4) NEGLIGENCE (Cal. Government Code § 815.6). |

Plaintiff Bruce Thomas (Plaintiff) upon information, belief and having been a witness hereon, alleges the following:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for their negligence, malicious abuse of process, deceit and prosecutorial misconduct bringing forth a miscarriage of justice and Plaintiff's imprisonment in the San Diego County Jail May 17, 2017 through May 23, 2017 and then from June 20, 2017 through September 30, 2017. On June 28, 2017, while Plaintiff was in the custody of the San Diego Sheriff at the East Mesa Detention Facility, Plaintiff was battered by two jail inmates. Had the egregious misconduct of the Defendants not cheated Plaintiff out of due process in the state court, Plaintiff would not

have suffered physical injury, emotional trauma and he would presently not be living in a rescue mission homeless shelter suffering ongoing severe emotional anguish.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. § 1983 and California law. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over Plaintiff's pendent and supplemental state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Southern District and (2) all of the parties reside in the Southern District.

PARTIES

4. Plaintiff brings this action in his individual capacity. At all relevant times, Plaintiff was a resident of San Diego County and a citizen of the State of California. Pursuant to the allegations in this complaint, Plaintiff filed a timely government tort claim with the County of San Diego, which the County rejected on July 5, 2017.

5. Defendant, County of San Diego (COUNTY), is a municipality duly organized under the laws of the State of California. At all relevant times, Defendants, Bonnie M. Dumanis (Dumanis), Drew W. Garrison (Garrison) and Callan E. Smith (Smith) were officers and/or employees of COUNTY. COUNTY is responsible for Plaintiff's injuries under 42 U.S.C. § 1983 because its official policies, practices and/or customs caused Plaintiff's injuries. COUNTY is also responsible for actions of its employees under a respondeat superior theory. Liability under California law for all government entities and/or employees is based upon California Government Code § 815.6. Liability under California Civil Code § 52.1 is based upon allegation that misconduct of Garrison and Smith occurred for want of promotion.

6. Pursuant to 42 U.S.C. § 1983, the prosecutorial misconduct of Dumanis and Smith is punishable under 18 U.S.C. § 242, whereon Plaintiff's rights were deprived resulting in physical bodily injury to Plaintiff, his emotional trauma and his ongoing severe emotional anguish. Under California law, Defendant's deceitful conduct is codified in Cal. Civil Code § 1710, which is punishable under Cal. Penal Code § 133.

7. At all relevant times, Defendants Garrison and Smith were COUNTY Deputy District Attorney employees acting under color of law within the course and scope of their respective duties as prosecutors under supervision of Defendant, Dumanis, COUNTY District Attorney. At all relevant times, Dumanis was the official responsible for setting and enforcing the policies, customs and practices for the COUNTY Office of the District Attorney.

8. In committing acts or committing the omission of acts alleged in this complaint as co-worker cohorts, Garrison, Smith and Dumanis acted knowingly, maliciously and with reckless or callous disregard for the tort and constitutional rights of Plaintiff, justifying an award of punitive damages under federal and California law against each individual Defendant.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Pursuant to state court case number CN363808, the San Diego County Office of The District Attorney charged Plaintiff with one count of violation of a court order under Cal. Penal Code § 166. Plaintiff pled not guilty at his arraignment and was granted his request to be a self-represented defendant.

10. Plaintiff moved the court to suppress evidence under authority of Cal. Penal Code § 1538.5. Plaintiff subpoenaed his arresting police officer to give testimony at the suppression hearing, which was set for December 16, 2016. On December 14, 2016, Defendant Garrison filed motion under authority of Cal. Penal Code § 1050 to continue the suppression hearing based on Garrison's declaration that Defendant's arresting police officer was out-of-town vacationing on the day of the suppression hearing.

11. Due to Plaintiff not receiving the service of Garrison's untimely continuance motion until after the date of the suppression hearing, Plaintiff and two of the three witnesses Plaintiff called to appear attended the hearing. Plaintiff's arresting police officer, Natali Salazar, did not appear at the hearing but had been served with a subpoena to appear 23 calendar days before the hearing. As a result, the court withdrew Plaintiff's suppression motion without prejudice.

12. The state court subpoena required Police Officer Salazar to obtain permission from Plaintiff if she was not able to attend the suppression hearing but Officer Salazar never

contacted Plaintiff after she was served. Instead, Garrison moved the court to continue the suppression hearing. Until Plaintiff exercises Federal Rules of Evidence, Rule 501, and Federal Rules of Civil Procedure, Rule 34 and Rule 45, it remains to be seen whether Officer Salazar was out-of-town vacationing on the day of the suppression hearing and whether Garrison abused process deceiving the court with a fraudulent pleading writ to avoid suppression of evidence.

13. Plaintiff's trial for court order violation was set for May 17, 2017. By this time, Garrison had been transferred to another venue and Deputy District Attorney, Callan E. Smith, was prosecuting Plaintiff's case. At approximately 10:00 a.m. on May 17, 2017, Vista Superior Court Judge, Carlos O. Armour, Department 5, assigned Plaintiff's trial to be heard by The Honorable Richard S. Whitney, Department 21, in the afternoon of May 17th. Immediately following Judge Armour's order, Plaintiff proceeded to Department 21 so he might hear Judge Whitney as a spectator before Plaintiff's trial commenced.

14. When Plaintiff arrived at Department 21, he found the entry door to be locked due to a trial already in session. Plaintiff decided to leave the courthouse and come back at 1:30 p.m., but as Plaintiff was leaving he connected with Prosecutor Smith at about 10:15 a.m. as she was getting off the elevator.

15. Plaintiff asked Smith what time his trial in the afternoon would begin. Smith responded saying she didn't know but told Plaintiff that she was going into Department 21 and that he could ask the courtroom clerk. Plaintiff told Smith the entry door to Department was locked and Department 5 ordered his trial to commence in the afternoon. Nothing more was said between Plaintiff and Smith and Plaintiff left the courthouse. Disregarding order Plaintiff's trial was to start in the afternoon, Smith went into the locked courtroom of Department 21 and commenced Plaintiff's trial at approximately 10:30 a.m. without Plaintiff in the courtroom. When Plaintiff came back to the courthouse in the afternoon of May 17, 2017, he was arrested at 1:20 p.m. in the hallway in front of Department 21. Plaintiff was booked and held by the Sheriff until May 23, 2017.

16. May 17, 2017 Department 21 minutes show Plaintiff failed to appear by not

intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, safety and welfare, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

26. As a direct and legal result of Defendant's acts and omissions, Plaintiff has suffered damages including without limitation, pain and suffering, extreme mental and emotional distress, bail fees, loss of earnings and loss of his home, whereas Plaintiff having been found guilty of court order violation was ordered evicted from his home and he is currently residing in a rescue mission homeless shelter. Plaintiff also suffers pecuniary losses not yet ascertained.

## SECOND CLAIM FOR RELIEF
### Deceit (42 U.S.C. § 1983)
### Cal. Civil Code § 1710 and Cal. Penal Code § 133
### (Against Defendants, Garrison and Smith)

27. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. To avoid case dismissal for lack of evidence and increased chance of job promotion, Defendant Garrison filed a pleading writ at Plaintiff's expense, which states Plaintiff's arresting police officer was out-of-town on vacation and would not be able to attend the suppression hearing scheduled for Plaintiff's motion to suppress evidence. Under circumstances described in paragraphs 11 and 12, Plaintiff believes Garrison willfully abused process deceiving the court with a fraudulent pleading writ to avoid suppression of evidence.

29. Defendant Smith for want of promotion deceived the court by adding an adjudicated double jeopardy charge to Plaintiff's pendent court order violation charge. Smith also deceived the court by making it seem that Plaintiff failed to appear for trial.

30. Plaintiff alleges that the acts of Defendants Garrison and Smith were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, safety and welfare, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## THIRD CLAIM FOR RELIEF

### Prosecutorial Misconduct (18 U.S.C. § 242)

### Fourteenth Amendment

### (Against all Defendants, with the exception of Defendant Garrison)

32. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. After Plaintiff's court order violation trial commenced, while Plaintiff was a self-represented defendant, Smith willfully told the court, knowing that Plaintiff would not be present in the courtroom, that another department had just ordered Plaintiff's trial to commence forthwith. Smith charged Plaintiff double jeopardy for a crime he was already convicted of in which Plaintiff had fulfilled all of the sentencing requirements. Thereafter, when Plaintiff was represented at trial by public counsel, Smith willfully and knowingly disobeyed a direct order for exclusionary testimony by arranging a messenger to convey testimony to prosecution witnesses who were not in the courtroom. Smith also had her police officer witness in the courtroom while another witness for the prosecution rendered their testimony.

34. Plaintiff believes instead of Defendants COUNTY and/or Dumanis taking proper steps to discipline Smith for her acts, COUNTY and/or Dumanis condoned, encouraged and fostered the unlawful conduct of Defendant Smith. As a result of Defendant's actions, Defendants Smith, Dumanis and COUNTY are liable for Plaintiff's injuries, either because they were integral participants in the acts or because they failed to intervene when they had the opportunity and duty to do so to prevent prosecutorial misconduct.

35. Plaintiff alleges that the acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, safety and welfare, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

36. As a direct and legal result of Defendant's acts and omissions, Plaintiff has suffered damages including without limitation, pain and suffering, extreme mental and emotional distress, bail fees, loss of earnings and loss of his home, whereas Plaintiff having been found

guilty of court order violation was ordered evicted from his home and he is currently residing in a rescue mission homeless shelter. Plaintiff also suffers pecuniary losses not yet ascertained.

## FOURTH CLAIM FOR RELIEF

### Negligence (Cal. Government Code § 815.6)

### (Against Defendants, COUNTY and Dumanis)

37. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. Defendants COUNTY and Dumanis violated California Government Code § 815.6 by failing to properly train, supervise and discipline Defendants Garrison and Smith while they prosecuted Plaintiff's misdemeanor charge in the state court. As a direct result of Defendant's acts and/or omissions, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct or because they failed to intervene when they had the opportunity and duty to do so to prevent violations.

39. Plaintiff alleges that the acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, safety and welfare, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

40. As a direct and legal result of Defendant's acts and omissions, Plaintiff has suffered damages including without limitation, pain and suffering, extreme mental and emotional distress, bail fees, loss of earnings and loss of his home, whereas Plaintiff having been found guilty of court order violation was ordered evicted from his home and he is currently residing in a rescue mission homeless shelter. Plaintiff also suffers pecuniary losses not yet ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For punitive damages against individual Defendants in an amount to be proven at trial;

C. For reasonable costs of this suit and attorneys' fees and

D. For such further relief as the Court may deem just, proper and appropriate.

Dated: December 28, 2017                    By: *Bruce Thomas*

                                                        Bruce Thomas
                                                        Plaintiff Pro Per

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS097037
Cashier ID: fjaimes
Transaction Date: 12/29/2017
Payer Name: BRUCE THOMAS V COUNTY OF SD
------------------------------------
CIVIL FILING FEE
 For: BRUCE THOMAS V COUNTY OF SD
 Case/Party: D-CAS-3-17-CV-002587-001
 Amount:      $400.00
------------------------------------
CASH
 Amt Tendered: $400.00
------------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```