# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE THOMAS, | Case No.: 17-CV-2587-JLS (AGS) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| COUNTY OF SAN DIEGO, et al., | (ECF No. 14) |
| Defendants. | |

Presently before the Court is Defendants Garrison and Smith's Motion to Dismiss, ("MTD," ECF No. 14). Also before the Court is Plaintiff Bruce Thomas's Opposition to the Motion, ("Opp'n," ECF No. 21), and Defendants' Reply in Support of the Motion, ("Reply, ECF No. 24). The Court vacated the hearing on this Motion and took the matter under submission without oral argument. (ECF No. 26.) After considering the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiff filed a complaint against the County of San Diego, Bonnie M. Dumanis, Drew W. Garrison, and Callan E. Smith. (ECF No. 1.) Defendants moved to dismiss the complaint, and Plaintiff filed a first amended complaint, (First Amended Complaint, ("FAC,") ECF No. 13). The FAC no longer lists the County or Ms. Dumanis as Defendants and is brought against Drew W. Garrison, individually and in his official capacity as

Deputy District Attorney; and Callan E. Smith, individually and in her official capacity as Deputy District Attorney.

The following facts are taken from Plaintiff's FAC and are accepted as true for the purpose of this motion. *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (In ruling on a motion to dismiss, the court must "accept all material allegations of fact as true").

Plaintiff was charged with "one count of court order violation under Cal. Penal Code. § 166." (FAC ¶ 7.) Plaintiff pled not guilty and requested to be self-represented, and the state court granted this request. (*Id.*) Plaintiff filed a motion to suppress evidence. Plaintiff also "subpoenaed his arresting police officer [Officer Salazar] to give testimony at the suppression hearing." (*Id.* ¶ 8.) District Attorney Garrison moved to continue the suppression hearing because Officer Salazar was out of town. Plaintiff did not receive Mr. Garrison's motion until after the date of the suppression hearing, and at the hearing, the court "withdrew Plaintiff's evidence suppression motion without prejudice." (*Id.* ¶ 9.) Officer Salazar never contacted Plaintiff. Plaintiff filed a motion to continue his trial. Mr. Garrison was transferred to another venue and was replaced by another prosecutor, Ms. Smith. Ms. Smith filed an opposition to Plaintiff's motion to continue his trial. (*Id.*) Ms. Smith then "made oral argument with false facts" and it appears the court denied Plaintiff's motion to suppress evidence. Ms. Smith then "ex-parte, perpetrated a double jeopardy unilateral trial . . . by joining Plaintiffs [sic] prior 2014 resisting arrest conviction . . . with Plaintiff's current court order violation charge." (*Id.* ¶ 10.)

Plaintiff's trial was transferred to Judge Whitney to begin on May 17, 2017 "in the afternoon." (*Id.*) But, that morning, trial began without Plaintiff being present because Plaintiff had left the courthouse after receiving the trail assignment order. (*Id.*) Plaintiff came to the courthouse to appear for trial at 1:20 p.m. and was then arrested and booked for failure to appear and resisting arrest. (*Id.* ¶ 11.) Plaintiff withdrew his pro per status and was appointed a public defender. (*Id.* ¶ 12.) Plaintiff posted bail and was released on May 23, 2017. (*Id.*) Plaintiff's "court order violation charge went to bench trial." (*Id.*

¶ 13.)

The presiding judge ordered no spectators or witnesses in the courtroom, but Plaintiff observed "a[n] overweight male messenger" going in and out of the courtroom "and then talking to a witness for the prosecution in the hallway who was next to render their testimony." (*Id.* ¶ 14.) Plaintiff also observed Officer Salazar in the courtroom. Plaintiff was found guilty of court order violation and was put in custody.

Plaintiff's counsel argued against the "issuance of a criminal protective order [CPO]" with a stipulation that Plaintiff must remain 100 yards "from the CPO protected persons." (*Id.* ¶ 15.) In response, Deputy Attorney Smith stated that Plaintiff is "violent." (*Id.*) The court "issued a CPO that bars Plaintiff from entering his home until June 19, 2020." Plaintiff was released from custody on September 30, 2017 and lived in motel rooms and a homeless shelter. (*Id.* ¶ 16.) Plaintiff filed a motion to withdraw his CPO termination. Plaintiff then discovered that his trial testimony transcript was missing from his appeal case file. (*Id.* ¶ 17.)

Plaintiff alleges: (1) malicious abuse of process against both Defendants; (2) deceit against both Defendants; (3) prosecutorial misconduct against Ms. Smith; and (4) deliberate evidence fabrication against Ms. Smith. Plaintiff's prayer for relief is for damages.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Plaintiff sues Defendants in both their individual and official capacities.

### I. Individual Capacity Claims

The Court first analyzes the claims brought against Defendants in their individual capacities.

#### A. *Malicious Abuse of Process Under 42 U.S.C. § 1983*

This cause of action is brought against both Defendants. Plaintiff later filed a Motion for Voluntary Withdrawal of One Count Against Co-Defendant, (ECF No. 23). Plaintiff moves to withdraw his first cause of action against Defendant Smith. The Court **GRANTS**

the Motion and analyzes the claim against Defendant Garrison only. Defendant Garrison moves to dismiss this claim under absolute immunity.[1] (MTD 4.)

The Supreme Court has held immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal quotations omitted). A prosecutor is protected by absolute immunity for any actions that are "quasi-judicial" in nature and are performed "within the scope of [the prosecutor's] authority." *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 678 (9th Cir.1984). This covers acts by the prosecutor "in initiating a prosecution and in presenting the state's case." *Imbler*, 424 U.S. at 430–31.

In response to Defendant's claim of immunity, Plaintiff cites to *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). There, the Supreme Court noted the importance of analyzing the specific conduct for which immunity is claimed: "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Id.* at 273. The Court determined the prosecutor was protected by qualified immunity, but not absolute immunity, for allegations regarding the prosecutor fabricated false evidence during the preliminary investigation of an unsolved crime. *Id.* at 275–76. These actions were investigative, not prosecutorial. *Id.* Plaintiff also cites to *Kalina v. Fletcher*, where the Court held a prosecutor is not protected by absolute immunity in allegedly falsely executing a certification for determination of probable cause under penalty of perjury. 522 U.S. 118, 129 (1997). The Court reasoned the act of filing the certification was not one of "the

---

[1] Defendants continually refer to the County of San Diego as a defendant and argue why the County is not liable under § 1983. (*See* MTD 4; Reply 2.) It is clear that Plaintiff no longer brings any claims against the County. Although he named the County as a Defendant in his complaint, he did not do so in his first amended complaint and even included a redlined version of his first amended complaint wherein he crossed out his allegations against the County. The Court therefore does not analyze any of Defendants' arguments as to whether the County is a proper Defendant.

traditional functions of an advocate." *Id.* at 131.

Plaintiff here argues Defendant Garrison is not immune for the allegation he "advised police to not attend Plaintiff's suppression hearing in which police were subpoenaed." (Opp'n 4.) The Court disagrees. This allegation relates to an act in presenting the State's case against Plaintiff and one that is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. It is an activity within Defendant Garrison's "core role as [a] courtroom advocate[]." *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018). Accordingly, Defendant Garrison is protected by absolute immunity. The Court **GRANTS** the Motion and **DISMISSES** this cause of action against Defendant Garrison.

### B. Deceit Under 42 U.S.C. § 1983 and California Civil Code § 1710

Defendants also claim they are absolutely immune to Plaintiff's deceit claim, arguing they are immune "for communications intimately associated with the judicial phase of the criminal process." (MTD 5, Reply 4.) Indeed, as mentioned above, when it comes to what a prosecutor says and does while presenting the State's case at trial, absolute immunity bars the claim. *Imbler*, 424 U.S. at 431; *see also Mansanares v. Arizona*, No. CV 11-1521-PHX-JAT (LOA), 2011 WL 5924349, at *4 (D. Ariz. Nov. 22, 2011) ("Immunity also extends to a prosecutor 'eliciting false or defamatory testimony from witnesses' or for making false and defamatory statements during, and related to judicial proceedings." (quoting *Buckley*, 509 U.S. at 270)). Here, the allegation is that Defendants made false statements to deceive the court in presenting the State's case against Plaintiff. Therefore, absolute immunity bars this claim because it relates to what district attorneys said and did while prosecuting the case.[2] The Court **GRANTS** the Motion to Dismiss this cause of action and **DISMISSES** the claim.

---

[2] Plaintiff also brings this cause of action under California Civil Code § 1710. This statute is purely definitional and only defines "deceit." Regardless of the applicability of the statute, Defendants are entitled to absolute immunity. *See* Cal. Gov. Code § 821.6 ("A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.").

6

### C. Prosecutorial Misconduct Under 42 U.S.C. § 1983

Defendants also move to dismiss this cause of action under absolute immunity. (MTD 6.) As noted above, a claim under section 1983 is not available where, as here, the prosecutor's alleged misconduct is intimately associated with the judicial phase of the criminal process. *See Ashelman*, 793 F.2d at 1075 (holding absolute prosecutorial immunity "applies even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty" (internal quotation marks and citation omitted)). It is important to mention that absolute prosecutorial immunity does not deprive Plaintiff of all judicial redress for prosecutorial misconduct. As the Supreme Court has noted: "Various post-trial procedures are available to determine whether an accused has received a fair trial. These procedures include the remedial powers of the trial judge, appellate review, and state and federal post-conviction collateral remedies." *Imbler*, 424 U.S. at 427. Prosecutors can also be punished criminally for willful deprivations of constitutional rights and disciplined by the bar for prosecutorial misconduct. *See id.* at 429 (citing 18 U.S.C. § 242).

Because the present action is a § 1983 action for damages and Defendants' alleged actions are intimately associated with the judicial phase of the criminal process, Defendants are protected by absolute immunity. The Court **GRANTS** the Motion to Dismiss this claim and **DISMISSES** the claim.

### D. Deliberate Evidence Fabrication Under 42 U.S.C. § 1983

This cause of action is brought against Defendant Smith, who argues she is protected by absolute immunity for this claim, and also that the claim fails on the merits.

A prosecutor is absolutely immune from a civil suit for damages for his or her "decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction. *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (absolute immunity for prosecutor's exercise of discretion in regulating flow of information to defense, including for "deliberate withholding of exculpatory information" (quoting *Imbler*, 424 U.S. at 431–32)). However, a prosecutor does not have absolute immunity "if he fabricates evidence

during a preliminary investigation, before he could properly claim to be acting as an advocate, or makes false statements in a sworn affidavit in support of an application for an arrest warrant." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (citations omitted) (citing *Buckley*, 509 U.S. at 275; and *Kalina*, 522 U.S. at 129–30).

Defendant Smith did not become involved in Plaintiff's case until after the case had begun, thus, at all relevant times, she was acting as an advocate for the State. *See Kriege v. Hara*, No. 11-757 JMS/BMK, 2012 WL 1755671, at *7–8 (D. Haw. May 15, 2012) (dismissing claims against three prosecutors as barred by absolute prosecutorial immunity because "the Complaint contains no allegations that the prosecutors functioned as anything other than advocates for the State, or carried out any conduct that is normally carried out by non-prosecutors"). Plaintiff's allegations are that Defendant Smith fabricated evidence in the proceeding against him, thus, Defendant is absolutely immune from this claim. The Court **GRANTS** the Motion to Dismiss this claim and **DISMISSES** the claim.

## II. Official Capacity

The above analysis applied to the causes of action brought against Defendants in their individual capacities, and the Court now addresses the allegations against Defendants in their official capacities. States, governmental entities that are considered "arms of the state," and state officials who are sued in their official capacities are entitled to Eleventh Amendment immunity and are not considered "persons" for purposes of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2006). "California [district attorneys] serve both state and county functions: They act as state officials, and so possess Eleventh Amendment immunity, when 'acting in [their] prosecutorial capacity.'" *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008) (quoting *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000)). Generally, district attorneys act in a prosecutorial capacity when they are "preparing to prosecute and when prosecuting criminal violations." *Bishop Paiute Tribe v. Cnty. of Inyo*, 291 F.3d 549, 565 (9th Cir. 2002) (quoting *Pitts v. Cnty. of Kern*, 949 P.2d 920 (Cal. 1998)). This is significant because States and arms of the State possess immunity

from suits authorized by federal law. *See Alden v. Maine*, 527 U.S. 706, 740 (1999).

"[A] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Al–Haramain Islamic Foundation, Inc. v. Obama*, 690 F.3d 1089, 1094 (9th Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). There is no evidence in the record suggesting that the State of California has expressly waived its sovereign immunity with regard to this action or with regard to these types of claims brought in federal court. Consequently, the federal-law claims against Defendants in their official capacity, as claims against the State of California, are barred by the State's sovereign immunity. *See Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1071 (C.D. Cal. 2012) (finding the same). The Court **GRANTS** the Motion to Dismiss this claim and **DISMISSES** the claim.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss, (ECF No. 14), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint. The Court also **GRANTS** Plaintiff's Motion to Withdraw Count One Against Defendant Smith, (ECF No. 23).

The Court entertains serious doubts concerning Plaintiff's ability to cure the deficiencies in his Complaint. However, because Plaintiff is proceeding pro se, the Court will allow him to amend his complaint if he so chooses. While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)).

Plaintiff **MAY FILE** an amended complaint, if any, on or before September 14, 2018. Plaintiff is warned that any amended complaint must contain all relevant claims and defendants. An amended complaint must be complete without reference to the original complaint and all claims not re-alleged will be deemed to be waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 928 (9th Cir. 2012) (en banc). *Failure to file an amended*

*complaint within the time allotted may result in a dismissal of Plaintiff's case with prejudice.*

**IT IS SO ORDERED.**

Dated: August 15, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge