UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE THOMAS,<br><br>                            Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                           Defendants. | Case No.: 17-CV-2587 JLS (AGS)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(ECF No. 29) |

       Presently before the Court is Defendant Callan E. Smith's Motion to Dismiss ("Mot.," ECF No. 29). Plaintiff Bruce Thomas has not filed an Opposition in the more than six months since Defendant filed her Motion.[1] The Court vacated the hearing on the Motion and took the matter under submission without oral argument pursuant to Civil

///

---

[1] Civil Local Rule 7.1(e)(2) requires "each party opposing a motion" to file its opposition and serve the movant at least fourteen days before the noticed hearing date. Civil Local Rule 7.1(f)(3)(c) provides that, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Consequently, by virtue of Civil Local Rule 7.1(f)(3)(c), Mr. Thomas has consented to dismissal of his First Amended Complaint. *See United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (upholding dismissal of indictments pursuant to a district court local rule stating that failure to timely oppose motions is deemed consent to the motion). In light of Mr. Thomas' *pro se* status, however, the Court addresses Defendant's arguments on the merits.

Local Rule 7.1(d)(1). ECF No. 30. Having considered the Parties' arguments and the law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND[2]

Plaintiff filed his initial complaint against the County of San Diego, Bonnie M. Dumanis, Drew W. Garrison, and Callan E. Smith on December 28, 2017. ECF No. 1. Defendants moved to dismiss the Complaint, ECF No. 7, and, while their motion was pending, Plaintiff filed a First Amended Complaint against only Mr. Garrison and Ms. Smith. ECF No. 13 ("FAC"). Plaintiff subsequently withdrew one of his claims against Ms. Smith. ECF No. 23.

Defendants moved to dismiss Plaintiff's FAC, ECF No. 14, which Plaintiff opposed. ECF No. 21. The Court granted the Defendants' motion and dismissed without prejudice Plaintiff's FAC. ECF 27.

Plaintiff filed his operative Second Amended Complaint ("SAC") on September 11, 2018, alleging a single claim for deceit pursuant to 42 U.S.C. § 1983 and California Civil Code § 1710 against Ms. Smith in her individual capacity. *See generally* ECF No. 28. According to his SAC, Plaintiff was charged with "one count of court order disobedience [under California Penal Code section ]166(a)(4)." SAC ¶ 6. Plaintiff pled not guilty and requested to be self-represented, a request that the state court granted. *Id.* Ms. Smith subsequently "went before a judge without Plaintiff present and charged Plaintiff with resisting arrest[ under California Penal Code section ]148(a)(1)." *Id.* ¶ 7. On the morning of May 17, 2017, Plaintiff and Ms. Smith went before Judge Carlos O. Armour, who "denied Plaintiff's motion to continue his trial and sent Ms. Smith and Plaintiff to begin trial in the afternoon of May 17, 2017, before Judge Whitney in Department 21." *Id.* ¶ 8.

/ / /

---

[2] The facts alleged in Plaintiff's operative Second Amended Complaint ("SAC," ECF No. 28) are accepted as true for the purpose of this Motion. *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

Plaintiff left the courtroom and Ms. Smith proceeded to try Plaintiff in his absence, "bringing forth a unilateral trial for court order disobedience and resisting arrest charges." *Id.* ¶ 9. The judge "ordered two arrest warrants having total bail set at $200,000.00 for Plaintiff failing to appear" and, when the Plaintiff returned to court later in the afternoon, he was arrested. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting

*Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendant moves to dismiss Plaintiff's sole claim for deceit under 42 U.S.C. § 1983 and California Civil Code section 1710 on the basis of absolute immunity, arguing she has "immunity from § 1983 damages liability for conduct intimately associated with the judicial phase of the criminal process."[3] Mot. at 3. In his SAC, Plaintiff claims that the Defendant is not entitled to immunity because she acted outside of the judicial phase by "[j]oining a charge ex parte and then pleading ex parte for issuance of warrants." SAC ¶ 14.

The United States Supreme Court has held immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal quotations omitted). A prosecutor is protected by

---

[3] Ms. Smith also notes that "Plaintiff has actually not obtained personal jurisdiction over Ms. Smith in her individual (as opposed to official) capacity, but she agrees that "[a]ny jurisdictional issue will be moot if [her] motion is granted." Mot. 2.

absolute immunity for any actions that are "quasi-judicial" in nature and are performed "within the scope of [the prosecutor's] authority." *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 678 (9th Cir.1984). This covers acts by the prosecutor "in initiating a prosecution and in presenting the state's case." *Imbler*, 424 U.S. at 430–31. When it comes to what a prosecutor says and does while presenting the State's case at trial, absolute immunity bars the claim. *Imbler*, 424 U.S. at 431; *see also Mansanares v. Arizona*, No. CV 11-1521-PHX-JAT (LOA), 2011 WL 5924349, at *4 (D. Ariz. Nov. 22, 2011) ("Immunity also extends to a prosecutor 'eliciting false or defamatory testimony from witnesses' or for making false and defamatory statements during, and related to judicial proceedings.") (quoting *Buckley*, 509 U.S. at 270).

In response to Defendant's claim of immunity, Plaintiff argues that Ms. Smith's acts were outside her role as an advocate, relying on both *Kalina v. Fletcher*, 522 U.S. 118 (1997),[4] and *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). In *Kalina,* the Supreme Court distinguished a prosecutor's role as an advocate from that of a complaining witness and held that absolute immunity does not apply when a prosecutor acts as the latter in obtaining a warrant. 522 U.S at 130–31. In *Van de Kamp*, the Supreme Court held that even some administrative tasks of prosecutors are subject to absolute immunity, including those that "require legal knowledge and the exercise of related discretion," and distinguished such tasks from those that are purely administrative, such as hiring and payroll. 555 U.S. at 344.

These cases do not support Plaintiff's argument. Plaintiff's claim relates to Ms. Smith's actions in presenting the State's case against Plaintiff, actions that are "intimately associate[d] with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. While Ms. Smith was present when Judge Whitney ordered a bench warrant, she was acting within her role as an advocate, not as a witness. When Ms. Smith filed a second

---

[4] Plaintiff cites *Kalina v. Fletcher*, 132 U.S. (1997), but the Court and the Defendant have construed this as referencing *Kalina v. Fletcher*, 522 U.S. 118 (1997).

5

charge against Plaintiff, she was initiating a prosecution and presenting the State's case, not acting either as a witness or in an administrative capacity. Absolute immunity is provided to prosecutors specifically because "defendant[s] often will transform [their] resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *Imbler*, 424 U.S. at 425. While the Plaintiff may not approve of Ms. Smith's conduct in presenting a case against him, absolute immunity bars his claim because it relates to actions of a district attorney in prosecuting a case. The Court therefore **GRANTS** Ms. Smith's Motion and **DISMISSES** Plaintiff's sole remaining cause of action.

The Court previously indicated that it "entertain[ed] serious doubts concerning Plaintiff's ability to cure the deficiencies in his Complaint." *See* ECF No. 27 at 9. Although courts generally take a liberal approach to amendment, particularly in cases prosecuted by *pro se* litigants, leave to amend is properly denied where—as here—amendment would be futile. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1222 (S.D. Cal. 2012) ("Because [Plaintiff] could not plead any additional facts to cure the deficiencies in his pleadings and has already been given leave to amend, he should not be given further leave to amend his claims."). Here, Plaintiff has already been granted leave to amend his claim and he will be unable to cure the deficiencies because his claim is barred by absolute immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's SAC.

///
///
///
///
///

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 29) and **DISMISSES WITH PREJUDICE** Plaintiff's Second Amended Complaint. Because this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 22, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge